UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAUREEN MILLER,

                          Plaintiff,

          -against-

UNITED STATES,

                          Defendant.

24-CV-6532 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging violations of her federally protected rights. (ECF 1 ¶ III.) By order dated September 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Maureen Miller filed this complaint against the United States, "including [the]
states of New York and New Jersey," for "domestic terrorism."[1] (ECF 1 at 1.) The following
facts are drawn from the complaint regarding an incident occurring in Battery Park in Manhattan.

> On July 26, 2024, A white female Sgt. from the Parks Department physically
> walked over to me while I was sitting down 'after' I finished putting up my
> display (Ancient Egyptian readings) tarot – spiritual display and demanded that I
> get up and show her I.D, I asked her WHY? Because I did <u>not</u> commit a crime
> 'any' crime and NYPD did not even approach me; and they made several arrests
> on July 26, 2024 and walked right passed me. So why did this Parks Dept
> Sergeant 'target' me and approach me like that?

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation,
omissions, and grammar are in the original.

(ECF 1 ¶ III.)

In the "Injury" section of the form complaint, Plaintiff alleges that she had

> bruises, and kicked in my thigh, and the Sergeant physically grabbed my Spiritual
> & Most High Religious –Goddess Isis Bracelet Cuff and 'snatched' it off my arm.
> And after she did all this to me, she called her uniformed friend approx 5-6 people
> who surrounded me as if this were a crime scene.

(*Id.*)

Plaintiff asserts that she has been subjected to cruel and unusual punishment, and

"punishment by 'fraudulently' declaring [her] as a criminal & crazy in the United States

database." (*Id.*) Plaintiff seeks $936 billion in "gold buillion" (*Id.* ¶ IV.)

On December 19, 2024, the Court issued an order directing Plaintiff to show cause why

the matter should not be dismissed without prejudice because court mail that was sent to her in

another pending case was returned as undeliverable. On January 7, 2025, Plaintiff filed a lengthy

document entitled "order to show cause" in which she lists various state and federal courts in

New York and Pennsylvania that have allegedly committed "malfeasance," and she further

alleges that she is

> an 'indigenous' American Black Woman, whose Ancestors '**NEVER'** migrated to
> the United States, who were **killed via genocide and 'enslaved' for this very
> land,** where upon the very foundation and/or principle of the United States
> Constitution 'is' based upon '**slavery**' which has/is **manifested in its laws** at the
> '**states**' level, therefore, I, Maureen Miller invoke **11 U.S.C. Suits against States,
> Tort Actions Against State Officials,** against Defendant, The United States.

(ECF 7 at 21.)

Plaintiff invokes, among other authorities, 42 U.S.C. § 1983, the "Fugitive Slave Law

Act," and "Central Lunatic Insane Asylum Act for Colored People Act of 1868." (*Id.* at 27.)

On January 22, 2025, Plaintiff filed another order to show cause, seeking "emergency

relief" in the form of a three million dollar payment to which she claims entitlement. (ECF 8.)

## DISCUSSION

### A.    Claim under Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff proceeding under Section 1983 must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges that New York City employees violated her constitutional rights, but she does not name any of those individuals as Defendants or allege how each of those individuals was personally involved in violating her constitutional rights. Instead, Plaintiff names the United States as the sole defendant, but there are no allegations showing that the federal government had any involvement in what occurred in Battery Park on July 26, 2024. The Court grants Plaintiff leave to file an amended complaint in which she names Defendants who were personally involved in what occurred, and provides facts showing exactly what each Defendant did or failed to do that violated her rights.

**B.    Sovereign immunity**

Even if Plaintiff alleged facts against the United States, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Mil. Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").[2]

Thus, the Court dismisses Plaintiff's claims against the United States under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    Order to Show Cause**

Plaintiff filed two orders to show cause. In the first one, Plaintiff does not request specific preliminary injunctive relief. (ECF 7.) In the second one, Plaintiff seeks three million dollars in damages. (ECF 8.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted);

---

[2] The Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Plaintiff does not allege any facts suggesting that she seeks to bring a claim under the FTCA or that she has complied with the FTCA's procedural requirements. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

*Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff has failed to provide facts stating a plausible Section 1983 claim and has not named defendants who may be held liable for violating her rights. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, the Court denies her requests for an order to show cause.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim arising out of the incident occurring in Battery Park on June 26, 2024, the Court grants Plaintiff 60 days' leave to amend her complaint to detail that claim.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Police Officer John Doe #1 on duty August 31, 2010, during the 7-3 p.m. shift."

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. The amended complaint should only set forth facts regarding the incident that occurred in Battery Park on June 26, 2024. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6532 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth in this order, the requests for an order to show cause are denied.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[5]

---

[5] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 6, 2025
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   ☐ Yes     ☐ No
(check one)

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name _____

            Street Address _____

            County, City _____

            State & Zip Code _____

            Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

          ☐ Federal Questions                    ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
        is at issue? _____
        _____
        _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts:  _____
_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                             Signature of Plaintiff    _____

                                             Mailing Address        _____

                                                                  _____

                                                                  _____

                                             Telephone Number      _____

                                             Fax Number *(if you have one)*   _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                                             Signature of Plaintiff:    _____

                                             Inmate Number          _____