UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAUREEN MILLER,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

24-CV-6532 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action against the United States of America under the Court's federal question jurisdiction. (ECF 1.) By order dated February 6, 2025, the Court directed Plaintiff to file an amended complaint to address deficiencies in her original pleading. (ECF 9.) In response, Plaintiff has filed two documents and a motion for a conference. (ECF 10-12.) For the reasons set forth below, the Court again directs Plaintiff to file an amended complaint.

## BACKGROUND

In the original pleading, naming only the United States, Plaintiff asserts violations of her constitutional rights, and also invokes "11 U.S.C. suits against States Tort Actions Against State Officials."[1] (*Id.* at 1.) Plaintiff alleges that on July 26, 2024, at an unspecified location in Battery Park in Manhattan, a "white female Sgt. from the Parks Department" named Tobin physically assaulted her and discriminated against her based on her race and religion. (*Id.* at 4, 8.) Attached

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

to the complaint is an email that Plaintiff sent to the New York City Department of Parks and Recreation ("NYCDPR") complaining about this incident. (*Id.* at 7.)

On December 19, 2024, the Court issued an order directing Plaintiff to update her address because orders that were mailed to her in another case she filed were returned as undeliverable, which resulted in dismissal of that action. *See Miller v. United States*, No. 24-CV-6618 (LTS) (S.D.N.Y. Oct. 29, 2024) (dismissing complaint without prejudice for failing to submit IFP application as directed). Plaintiff filed two responses to that order, in which she invoked 42 U.S.C. § 1983, among other authorities, and sought emergency injunctive relief. (ECF 7, 8.)

On February 6, 2025, the Court issued an order denying Plaintiff's request for emergency injunctive relief and directing her to amend her complaint. (ECF 9.) That order explained that Plaintiff's pleading did not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, by providing enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court further held that the doctrine of sovereign immunity barred Plaintiff's constitutional claims against the United States, and that any tort claims against the United States could not proceed because she had not alleged exhaustion of administrative remedies as required by the Federal Tort Claims Act. The Court also noted

> Plaintiff alleges that New York City employees violated her constitutional rights, but she does not name any of those individuals as Defendants or allege how each of those individuals was personally involved in violating her constitutional rights. Instead, Plaintiff names the United States as the sole defendant, but there are no allegations showing that the federal government had any involvement in what occurred in Battery Park on July 26, 2024.

(ECF 9, at 4.)

In response to the February 6, 2025 order, Plaintiff filed a letter, a copy of the Court's order to amend marked up with comments and objections, and a motion for a conference. (ECF 10-12.) Plaintiff complains that, among other things: (1) in summarizing her submissions, the Court misstated facts and took her allegations out of context; (2) the Court's electronic signature indicates that the order was drafted by a law clerk; and (3) the "Parks Department is federal." (ECF 10, 11.) Plaintiff has now requested a conference.[2] (ECF 12.)

## DISCUSSION

For the reasons set forth in the February 6, 2025 order, Plaintiff's original complaint does not comply with federal pleading rules. Because Plaintiff is proceeding *pro se*, the Court granted her leave to file an amended complaint. Her three submissions objecting to aspects of the February 6, 2025 order cannot act as an amended complaint. This matter can proceed only if Plaintiff files an amended complaint that complies with the February 6, 2025 order. If the Court misconstrued Plaintiff's factual allegations or misunderstood whom she seeks to hold liable for the incident that occurred in Battery Park on July 26, 2024, she may clarify these matters in an amended complaint.

Because the amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Unless Plaintiff files an amended complaint as set forth in

---

[2] In a number of her submissions, Plaintiff references an earlier action she filed in this Court arising from an incident that occurred in a Commerce Bank in 2007. *See Miller v. City of New York,* No. 09-CV-1852 (LBS) (S.D.N.Y. Jan. 5, 2010) (dismissing complaint filed under Section 1983 for failure to state a claim on which relief may be granted), *recons. denied* (S.D.N.Y. Feb. 1, 2010), *appeal dismissed* No. 10-776 (2d Cir. June 15, 2010) (dismissing appeal because it lacked "an arguable basis in law or fact."). On August 21, 2024, Plaintiff moved for reimbursement of the filing fees she paid to bring that action. The matter was reassigned to Judge Garnett, who denied the motion for reimbursement on August 26, 2024. The allegations in that complaint do not appear related to the allegations in this one.

the Court's February 6, 2025 order, within 60 days from the date of that order, the complaint will be dismissed for failure to state a claim on which relief may be granted and on immunity grounds.

## CONCLUSION

The motion for a conference is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 12.)

Plaintiff is directed to file an amended complaint that complies with the February 6, 2025 order. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of February 6, 2025, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6532 (LTS). No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for the reasons set forth in the February 6, 2025 order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 24, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge