UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAUREEN MILLER,

                Plaintiff,

    -against-

UNITED STATES,

                Defendant.

24-CV-6532 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action against the United States of America, under the Court's federal question jurisdiction, regarding an incident alleged to have occurred in Battery Park in July 2024. (ECF 1.) By order dated February 6, 2025, the Court directed Plaintiff to file an amended complaint. (ECF 9.) Plaintiff thereafter filed a motion for a conference and two documents challenging aspects of the February 6, 2025 order. (ECF 10-12.) By order dated February 24, 2025, the Court: (1) denied the motion for a conference without prejudice; (2) reminded Plaintiff that if she did not file an amended complaint within 60 days from February 6, 2025, the Court would dismiss this matter for failure to state a claim on which relief may be granted and on immunity grounds; and (3) explained that, to the extent the Court misconstrued any of the factual allegations in the original complaint, Plaintiff could clarify those matters in the amended complaint. (ECF 13.)

      On March 31, 2025, Plaintiff filed a 65-page motion for reconsideration of the February 6, 2025 Order to Amend and a motion for permission for electronic case filing. (ECF 15-16.) In the motion for reconsideration, Plaintiff invokes 28 U.S.C. §§ 1291 and 1292, suggesting that she seeks leave to file an interlocutory appeal from the February 6, 2025 order. (ECF 16.)

## DISCUSSION

A.  **Request for interlocutory appeal and the Court's jurisdiction**

The Court retains jurisdiction to consider and dismiss Plaintiff's complaint, notwithstanding her request for an interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff appeals from this Court's order granting her leave to amend. Such an order is not a final order. *See, e.g.*, *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that "[a] dismissal with leave to amend is a non-final order and not appealable"). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed

from is not final and has not been certified for an interlocutory appeal."). Accordingly, this Court retains jurisdiction of this action.

**B.     Request to certify an interlocutory appeal**

The Court may certify an interlocutory appeal of a non-final order if that order "'involves a controlling question of law as to which there is substantial ground for difference of opinion' and 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *De Jesus v. Oyshi Table Corp.*, No. 19-CV-0830 (JPC), 2021 WL 1791478, at *3 (S.D.N.Y. May 5, 2021) (quoting 28 U.S.C. § 1292(b)). Yet

> [i]nterlocutory appeals are disfavored since "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered . . . [and] although [the statute authorizing interlocutory appeals, 28 U.S.C. § 1292,] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."

*Pen. Am. Ctr., Inc. v. Trump*, No. 18-CV-9433 (LGS), 2020 WL 5836419, at *1 (S.D.N.Y. Oct. 1, 2020) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).

Under the circumstances presented here, the Court declines to certify an interlocutory appeal. The February 6, 2025 order granting Plaintiff leave to amend does not "involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as set forth Section 1292(b).

In addition, Plaintiff's application is untimely. An application for an interlocutory appeal must be filed within 10 days after entry of the challenged order. *See* § 1292(b); *Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F. 3d 94, 97 (2d Cir. 2017) (construing a notice of appeal filed in the district court within the 10-day period as an application to file an interlocutory appeal). The challenged order here was entered on February 6, 2025, and thus Plaintiff had until February 16,

2025, to file such an application. But she did not file her motion until March 31, 2025. For these reasons, the Court denies the motion to certify an interlocutory appeal.

C.     **Motion for reconsideration**

The Court liberally construes Plaintiff's motion for reconsideration as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Here, Plaintiff seeks reconsideration of an order directing her to file an amended complaint. Even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must also show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

D.   **Motion for permission for electronic case filing**

Plaintiff submitted a motion for permission for electronic case filing (ECF 15.) She did not, however, use the Court's Motion for Permission for Electronic Case Filing form, and her submission does not include information responsive to the form's questions, including whether she has taken the required CM/ECF training course. Without that information, the Court cannot determine whether Plaintiff is eligible to participate in electronic filing. The Court therefore denies Plaintiff's motion without prejudice.[1]

E.   **Extension of time to file amended complaint**

The Court *sua sponte* grants Plaintiff an extension of time to file an amended complaint, as specified in the February 6, 2025 order. (ECF 9.) Plaintiff must file an amended complaint within 20 days of the date of this order. If Plaintiff fails to comply within the extended time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons set forth in the February 6, 2025 order. No further extensions of time will be granted.

## CONCLUSION

For the reasons set forth in this order, the Court denies the motions for reconsideration and interlocutory appeal, and denies without prejudice the motion for permission to participate in electronic case filing. The Clerk of Court is directed to terminate the pending motions. (ECF 15-16.)

Plaintiff must file an amended complaint within 20 days from the date of this order. If Plaintiff fails to comply within the extended time allowed, the Court will direct the Clerk of

---

[1] Information about the availability of training classes and the Electronic Case Filing Rules & Instructions is available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Court to enter judgment dismissing this action for the reasons set forth in the February 6, 2025 order. No further extensions of time will be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 4, 2025
       New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
               Chief United States District Judge