UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAUREEN MILLER,

                            Plaintiff,

-against-

UNITED STATES OF AMERICA,

                            Defendant.

24-CV-6532 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action against the United States of America, under the Court's federal question jurisdiction, regarding an incident alleged to have occurred in Battery Park in July 2024. (ECF 1.) By order dated February 6, 2025, the Court directed Plaintiff to file an amended complaint to address deficiencies in her original pleading. (ECF 9.)

      Plaintiff thereafter filed a motion for a conference and two documents challenging aspects of the February 6, 2025 order. (ECF 10-12.) By order dated February 24, 2025, the Court: (1) denied the motion for a conference without prejudice; (2) reminded Plaintiff that if she did not file an amended complaint within 60 days from February 6, 2025, the Court would dismiss this matter for failure to state a claim on which relief may be granted and on immunity grounds; and (3) explained that, to the extent the Court misconstrued any of the factual allegations in the original complaint, Plaintiff could clarify those matters in the amended complaint. (ECF 13.)

      On March 31, 2025, Plaintiff filed a 65-page motion for reconsideration of the February 6, 2025 order and a motion for permission for electronic case filing. (ECF 15-16.) The motion for reconsideration suggested that Plaintiff was seeking leave to file an interlocutory appeal from the February 6, 2025 order. (ECF 16.) By order dated April 4, 2025, the Court denied the motions for

reconsideration and for an interlocutory appeal, and denied without prejudice the motion for permission to participate in electronic case filing. The Court also granted Plaintiff an additional 20 days to comply with the February 6, 2025 order, informed her that no further extensions of time would be granted, and reiterated that if she did not file an amended complaint within the extended time allowed, the Court would dismiss this matter. (ECF 18.) On April 18, 2025, Plaintiff filed a motion for recusal, challenging court orders and other matters involving the handling of this case. (ECF 19.) Plaintiff did not file an amended complaint.

## DISCUSSION

### A. Motion for Recusal

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of bias warranting recusal must ordinarily be based on "extrajudicial conduct, . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). A judge is "as much obliged not to recuse [her]self when it is not called for as [s]he

is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Plaintiff's motion for recusal is not based on extrajudicial conduct. Instead, Plaintiff seeks recusal based on the handling of her case. Plaintiff's motion does not show any basis for recusal, and the motion for recusal (ECF 19) is denied.

### B. Dismissal of this action

By order dated February 6, 2025, the Court directed Plaintiff to file an amended complaint within 60 days. That order specified that failure to comply would result in dismissal of the complaint. (ECF 9.) By order dated April 4, 2025, the Court granted Plaintiff an additional 20 days to comply, indicated that no further extensions of time would be granted, and reiterated that the matter would be dismissed if she did not timely file an amended complaint. (ECF 18.) Although Plaintiff has filed many other documents in this matter, she has not filed an amended complaint as directed. Accordingly, the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## CONCLUSION

The Court denies the motion for recusal, and the Clerk of Court is directed to terminate it. (ECF 19.)

The complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), for the reasons set forth in the order dated February 6, 2025.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

4